**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 11-4009

IN RE: ANADIGICS, INC. SECURITIES LITIGATION

State-Boston Retirement System;
Cambridge Retirement System;
Essex Regional Retirement Board,

Appellants.

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 3-08-cv-05572)
District Judge:  Honorable Mary L. Cooper

Argued on July 12, 2012

Before:  FUENTES, HARDIMAN and ROTH, <u>Circuit Judges</u>

(Opinion filed: October 17, 2012)

David A. Rosenfeld, Esquire
Robbins, Geller, Rudman & Dowd, LLP
58 South Service Road, Suite 200
Melville, NY   11747

Mark S. Arisohn, Esquire **(Argued)**
Christopher J. Keller, Esquire
Jonathan Gardner, Esquire
Mark S. Goldman, Esquire
Angelina Nguyen, Esquire
Labaton Sucharow, LLP
140 Broadway
New York, NY   10005

Joseph J. DePalma, Esquire
Katrina Carroll, Esquire
Lite, DePalma, Greenberg, LLC
Two Gateway Center, Suite 1201
Newark, NJ   07102

Counsel for Appellant


John L. Thurman, Esquire
Farrell & Thurman, PC
172 Tamarack Circle
Skillman, NJ   08558

Robert A. Alessi, Esquire **(Argued)**
Cahill, Gordon & Reindel, LLP
Eighty Pine Street
New York, NY 10005-1702

Counsel for Appellee

O P I N I O N

**ROTH**, Circuit Judge:

Plaintiffs, State-Boston Retirement System, Cambridge Retirement System, and Essex Regional Retirement Board, appeal the dismissal of their securities fraud claims against Anadigics, Inc., its former CEO, Bamdad Bastani, and its former CFO, Thomas Shields. Plaintiffs brought this suit on behalf of themselves and all investors who purchased Anadigics' publicly traded securities between February 12, 2008, and August 7, 2008. They alleged that during that period, the defendants made numerous materially false and misleading representations concerning Anadigics' manufacturing capacity, its

2

ability to meet the demand for its products, its customers' ordering practices (so-called "dual-sourcing" and "over-ordering"), and other related matters. Plaintiffs claimed that, through these misrepresentations, the defendants violated § 10(b) of the Securities Exchange Act of 1934 (1934 Act), 15 U.S.C. § 78j(b), which prohibits the "use or employment, in connection with the purchase or sale of any security . . . of any manipulative or deceptive device or contrivance in contravention of such rules as the [Securities and Exchange] Commission may prescribe." They claimed further that the statements constituted violations of the Securities and Exchange Commission's Rule 10b-5, 17 C.F.R. § 240.10b-5, which makes it unlawful, in connection with the purchase or sale of any security: (a) "to employ any device, scheme, or artifice to defraud," (b) "to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading," or (c) "to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person." Finally, plaintiffs claimed that Bastani and Shields were additionally liable for the allegedly false statements under § 20(b) of the 1934 Act, 15 U.S.C. § 78t(a), as control persons of Anadigics.

The District Court dismissed all of plaintiffs' claims, finding that each of the statements at issue was either a non-actionable forward-looking statement or was inadequately supported by particularized factual allegations demonstrating its falsity or that it was made with the requisite scienter. *See Inst. Investors Grp. v. Avaya*, 564 F.3d 242, 252-54 (3d Cir. 2009) (discussing pleading standards for falsity and scienter and

3

safe harbor for forward-looking statements).  Our review of this decision is plenary.  *Id.* at 251.

We have considered the record of the proceedings in the District Court, the issues raised on appeal, the briefs and oral arguments of the parties, and the controlling legal authorities.  For substantially the reasons articulated by the District Court in its well-crafted opinion, we will affirm the judgment, dismissing Plaintiffs' claims.